```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAMES A. HIGGINS, | CIVIL ACTION NO. 06-510 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| HSBC INSURANCE AGENCY, INC., |  |
| Defendant. |  |

**THE COURT** having issued an order to show cause why the complaint should not be dismissed for lack of jurisdiction (dkt. entry no. 2); and the plaintiff (1) bringing this action on February 2, 2006, to recover damages for violations of (a) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and (b) state law, and (2) asserting jurisdiction under (a) 28 U.S.C. § ("Section") 1332, and (b) Section 1331 based on the ADEA claim (Compl., at 1-2, 9); and the plaintiff alleging that (1) he is a New Jersey citizen, and (2) the defendant is a New York corporation with its principal place of business in New Jersey (id. at 2); and it appearing that a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business, see 28 U.S.C. § 1332(c)(1); and thus it appearing that (1) the defendant is a citizen — in addition to New York — of New Jersey, (2) the defendant is not a "citizen[] of [a] different State[]" in relation to the plaintiff, 28 U.S.C. § 1332(a)(1), and (3) the

Court lacks jurisdiction here under Section 1332, see CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 381 n.6 (3d Cir. 2004) (stating there is requirement of complete diversity); and

**IT APPEARING FURTHER** that a plaintiff under the ADEA must (1) exhaust administrative remedies before commencing an action in court, (2) receive notice of the right to sue from the Equal Employment Opportunity Commission or appropriate agency, and (3) be within the protected class, see McCray v. Corry Mfg. Co., 61 F.3d 224, 228 (3d Cir. 1995) (noting ADEA amended to conform time limits for filing civil action to those for Title VII and to require notice of right to sue), see also 29 U.S.C. §§ 626(d)-(e) & 631, Horvath v. Rimtec Corp., 102 F.Supp.2d 219, 230 (D.N.J. 2000); and it appearing that the plaintiff has failed to allege whether he has exhausted administrative remedies, has received notice of the right to sue, or is within the statutorily-protected class; and thus it appearing that the Court lacks jurisdiction here under Section 1331; and

**THE COURT** having advised that the complaint would be dismissed unless the plaintiff demonstrated that the Court has jurisdiction here (dkt. entry no. 2); and the Court having directed the plaintiff to demonstrate, inter alia, (1) each party's citizenship with specificity as of February 2, 2006, (2) exhaustion of administrative remedies, and (3) that he is within the ADEA-protected class (id.); and

2

**THE PLAINTIFF** failing to respond to the Court's inquiry; and the defendants filing no response to the Court's inquiry; and thus the Court intending to (1) grant the order to show cause, (2) dismiss the ADEA claim with prejudice, and (3) dismiss the state-law claims without prejudice to reinstate in state court, as the limitations period for bringing a state-court action as to those claims was tolled by the filing of the federal complaint, see 28 U.S.C. § 1367(d), see also Young v. Clantech, Inc., 863 F.2d 300, 301 (3d Cir. 1988), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and for good cause appearing, the Court will issue an appropriate order and judgment.

                         s/ Mary L. Cooper
                      **MARY L. COOPER**
                      United States District Judge